| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL ESPECIAL | | |
|---|---|---|
| JOAQUÍN RODRÍGUEZ GARCÍA Y OTROS<br><br>Apelantes<br><br>v.<br><br>ALFREDO VILLOLDO Y OTROS<br><br>Apelados | TA2025AP00275<br><br><br><br>CONSOLIDADO | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. HSCI200400621<br><br>Sobre: Daños y Perjuicios |
| JOAQUÍN RODRÍGUEZ GARCÍA Y OTROS<br><br>Recurridos<br><br>v.<br><br>ALFREDO VILLOLDO Y OTROS<br><br>Recurridos<br><br>PALMAS DEL MAR HOMEOWNERS ASOCIATION<br><br>Peticionaria | TA2025CE00644 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. HSCI200400621<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2025.

La parte apelante, el señor Joaquín Rodríguez García, la señora Carmen L. Benítez Delgado y la Sociedad Legal de Gananciales compuesta por ambos, comparecen ante nos, en el recurso de apelación TA2025AP00275, para que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 21 de julio de 2025. Mediante la misma, el Foro primario declaró *Ha Lugar* las siguientes mociones presentadas por los apelados: 1) *Urgente Moción de Desestimación por Falta de*

*Jurisdicción* presentada por la parte apelada, el señor Andrés Villoldo y su esposa, la señora María Varona (Villoldo Varona); 2) *Solicitud de Desestimación por Falta de Legitimación Activa y en apoyo a Solicitud de Sentencia Sumaria* presentada por Palmas del Mar Properties, Inc. (PDMPI); y la *Moción para Unirnos a Solicitudes de Desestimación* presentada por Palmas del Mar Architectural Review Board, Inc. (PDMARB).

Por otro lado, la peticionaria, Palmas del Mar Homeowners Association, Inc. (PDMHOA) comparece ante nosotros por medio del recurso de *Certiorari* TA2025CE00644 y nos solicita que revisemos la determinación notificada por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 27 de agosto de 2025. Mediante la misma, el Foro primario declaró *No Ha Lugar* el *Memorando de Costas* presentado por la peticionaria.

Conforme a la Regla 44.1(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(b), consolidamos los recursos TA2025AP00275 y TA2025CE00644 el 28 de octubre de 2025.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada, expedimos el recurso de *certiorari* y revocamos la determinación recurrida.

I

El presente litigio se ha ventilado ante los distintos foros del Tribunal General de Justicia de Puerto Rico por más de dos (2) décadas. A la luz del extenso historial procesal que ha caracterizado este pleito, y a fin de concentrar el análisis en la controversia que verdaderamente amerita nuestro examen, este Tribunal se circunscribe a evaluar las controversias planteadas en los recursos consolidados ante nuestra consideración. Por ende, el tracto procesal que se expone a continuación se limita a los eventos procesales pertinentes a los señalamientos de error, sin entrar en

pormenores sobre incidencias previas que no guardan relación con el asunto bajo nuestra consideración.

El 21 de junio de 2004, la parte apelante-recurrida presentó la *Demanda Enmendada* de epígrafe contra los apelados Villoldo Varona, PDMARB, PDMPI y Palmas del Mar Homeowners Association, Inc. (PDMHOA). En el pliego, alegó que los Villoldo Varona construyeron una edificación ubicada en la calle Shell Castle número trece (13) y catorce (14), en Palmas del Mar, Humacao, en contravención con la Escritura Matriz de Servidumbres en Equidad, Escritura Pública Núm. 13, otorgada el 19 de abril de 1974. En particular, sostuvo que la estructura excedía la altura máxima permitida de treinta y seis (36) pies, lo que configuró una infracción a los límites de la servidumbre y un menoscabo a su derecho de luces y vistas. En consecuencia, expuso que tenía derecho a reclamar judicialmente el cumplimiento de la servidumbre en equidad o, en la alternativa, una compensación por los daños y perjuicios.

Luego de múltiples incidentes procesales y tras celebrada una vista evidenciaria, el 7 de mayo de 2009, el Tribunal de Primera Instancia emitió una *Resolución*. Mediante la misma, determinó que la propiedad objeto de controversia violaba los límites de altura aplicables a la propiedad, pues la estructura construida por los Villoldo Varona mide cincuenta y dos punto veintisiete (52.27) pies de altura. En desacuerdo con la referida determinación, PDMARB y PDMPI presentaron sendos recursos ante este Tribunal bajo las nomenclaturas KLCE200900785 y KLCE20090953, los cuales fueron consolidados. Luego de evaluados los recursos, el 26 de febrero de 2010, mediante *Sentencia*, un Panel hermano de este Tribunal confirmó la aludida *Resolución*. Con posterioridad, el Tribunal Supremo de Puerto Rico denegó la expedición del *certiorari* para revisar la referida determinación (CC-2010-0279), adviniendo

en final y firme la determinación que decretaba la ilegalidad de la construcción de la edificación en controversia por ser contraria a la servidumbre en equidad dictada en la Escritura Matriz.

Culminados numerosos incidentes procesales, el 1 de abril de 2013, el Tribunal de Primera Instancia emitió *Sentencia Parcial*. Mediante el referido dictamen, el Foro *a quo* reiteró la *Resolución* del 7 de mayo de 2009 y ordenó la celebración de una vista evidenciaria dirigida únicamente a la determinación de la cuantía de los daños reclamados. Mediante *Sentencia*, emitida el 11 de diciembre de 2013 en el recurso KLAN201301598, este Tribunal Apelativo expidió el recurso de *certiorari* incoado para confirmar la referida *Sentencia Parcial* decretada por el tribunal primario.

Pasados más de diez (10) años de una dificultosa litigación, el 26 de febrero de 2025, los Villoldo Varona presentaron dos mociones intituladas: *Urgente Moción Informativa* y *Urgente Moción de Desestimación por Falta de Jurisdicción*. Mediante estos escritos, informaron al Tribunal de Primera Instancia que, el 24 de enero de 2025, la parte apelante había enajenado su propiedad, localizada en Ridge Top #11 en Palmas del Mar. Alegaron que, por virtud de dicha venta, la controversia planteada había dejado de ser justiciable. Ante ello, solicitaron la desestimación del caso por falta de jurisdicción.

En igual fecha, PDMPI presentó su *Moción de Desestimación por Falta de Legitimación Activa y en Apoyo a Solicitud de Sentencia Sumaria del 1 de agosto de 2024*. En dicho escrito, sostuvo que la parte apelante había perdido su legitimación activa para continuar con el pleito debido a la venta de su propiedad y, por tanto, solicitó la desestimación de la demanda con perjuicio.

Por su parte, el 5 de marzo de 2025, PDMARB presentó su *Moción para Unirnos a Solicitudes de Desestimación*. En síntesis, alegó que, al no ser dueños de la propiedad, los apelantes carecían de legitimación activa para exigir la adecuación de la estructura

construida por los Villoldo Varona en contravención a la servidumbre en equidad y que, en consecuencia, tampoco poseían legitimación para reclamar daños y perjuicios como remedio alternativo.

Así las cosas, mediante *Notificación* del 19 de marzo de 2025, el Tribunal de Primera Instancia ordenó a la parte apelante a exponer su posición en cuanto a las mociones de desestimación en un término de veinte (20) días.

En cumplimiento con lo ordenado, el 25 de marzo de 2025, la parte apelante presentó su *Moción en cumplimiento de Orden; Oposición a Desestimación.* En síntesis, alegó que, al momento de la presentación de la demanda en el año 2004, era titular de la antedicha propiedad localizada en Ridge Top #11 en Palmas del Mar, por lo que tenía legitimación activa para incoar la reclamación. Sostuvo que, desde entonces, había sufrido un daño real y palpable a consecuencia de la estructura construida por los Villoldo Varona en violación a la servidumbre en equidad. Afirmó que la ilegalidad de la construcción se ha mantenido durante más de quince (15) años, impidiendo el pleno disfrute de su propiedad. Planteó, además, que la venta posterior de la residencia no extinguía su derecho a reclamar por los daños sufridos. Finalmente, adujo que las actuaciones de la parte apelada reflejaban un patrón dilatorio encaminado a eludir las consecuencias de su incumplimiento y que la continuidad del daño justifica la reparación reclamada.

Evaluados los planteamientos de las partes, el 21 de julio de 2025, notificada el 23 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Sentencia* recurrida. Mediante esta, el Foro primario declaró *Ha Lugar* las mociones de desestimación presentadas por los apelados. Fundamentó su determinación en que la parte apelante ya no era titular de la propiedad localizada en Ridge Top #11 y, por ende, carecía de legitimación activa para obtener el

remedio de la adecuación de la estructura, conforme a la servidumbre en equidad, ni para reclamar una cuantía en daños. Consecuentemente, concluyó que dicha enajenación privó al Tribunal de jurisdicción para atender la controversia y decretó la desestimación con perjuicio de la *Demanda* de epígrafe.

Inconforme, el 22 de agosto de 2025, la parte apelante presentó el presente *Recurso de Apelación* (TA2025AP00275), mediante el cual hizo los siguientes señalamientos de error:

> Erró el TPI al no resolver que la legitimación activa se determina por las circunstancias en el momento de la presentación de una reclamación.

> Erró el TPI al desestimar al resolver que el caso dejó de ser justiciable por la mera enajenación de la propiedad de la parte apelante-demandante.

Por otra parte, luego de que el Tribunal de Primera Instancia emitiera la *Sentencia* recurrida, los apelados presentaron un total de cuatro (4) escritos, mediante los cuales solicitaron el pago de costas al amparo de la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1. En particular, el 4 de agosto de 2025, PDMHOA presentó su escrito a tales efectos, junto con una solicitud de pago de honorarios de abogados post oferta de sentencia. Ante esto, el 11 de agosto de 2025, los apelantes presentaron su correspondiente "*Oposición a Memorandos de Costas y Solicitud de Pagos de Honorarios*".

Posterior a la presentación del recurso de apelación TA2025AP00275, el 27 de agosto de 2025, el Tribunal de Primera Instancia notificó una orden mediante la cual declaró "*No Ha Lugar*" a las solicitudes de los apelados. Inconforme con tal proceder del Foro Primario, el 3 de septiembre de 2025, PDMHOA presentó una *Moción de Reconsideración* la cual fue declarada No Ha Lugar el 22 de septiembre de 2025.

Aún en desacuerdo, el 20 de octubre de 2025, PDMHOA presentó ante esta Curia el recurso de *certiorari* TA2025CE00644, haciendo los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al denegar las costas a favor de la parte que prevaleció mediante Sentencia en el pleito del que tuvo que defenderse durante más de 21 años de litigo.

> Erró el Tribunal de Primera Instancia al denegar honorarios de abogado posteriores a una oferta de sentencia.

Evaluados ambos recursos y contando con el beneficio de la comparecencia de ambas partes, procedemos a disponer del presente asunto.

## II

Sabido es que los tribunales solo pueden resolver casos y controversias justiciables. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011). El principio de la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales y, consecuentemente, el alcance de su jurisdicción. Conforme al mismo, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 279-280 (2010).

Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de examinar si la parte que acude a su auxilio ostenta legitimación activa para actuar de conformidad. *Hernández, Santa v. Srio. de Hacienda*, supra, págs. 738-739; *Hernández Torres v. Gobernador*, 129 DPR 824, 835 (1992). Esta figura se define como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con

eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Rivera et al. v. Torres et al.,* 214 DPR 111, 133 (2024); *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 729, citando a *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, supra, pág. 69. El propósito de la legitimación activa es que el tribunal se asegure de que la parte reclamante tiene un interés genuino, va a perseguir su causa vigorosamente y que todos los asuntos pertinentes serán presentados ante la consideración del juzgador. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 178-179 (2022). En la gestión judicial de evaluar si el promovente de determinada causa de acción está debidamente legitimado para solicitar la intervención de la maquinaria judicial, los tribunales deben examinar la concurrencia de los siguientes criterios: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución o de una ley. *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739.

III

Mediante la presentación del presente recurso de *apelación* TA2025AP00275, los apelantes sostienen que el Tribunal de Primera Instancia erró al desestimar la *Demanda* de epígrafe por alegada falta de legitimación activa. Aduce que el Foro primario interpretó erróneamente que la venta de su propiedad localizada en Ridge Top #11 privaba a los apelantes del derecho a continuar el pleito, cuando en realidad su reclamación por daños constituye una causa de acción independiente y subsistente al acto de enajenación. Alega, además, que los daños reclamados surgen de la violación a la servidumbre en equidad y del menoscabo sufrido durante el tiempo en que fueron titulares del inmueble, por lo que la venta posterior

no extingue su interés legítimo ni su facultad de obtener reparación judicial.

Habiendo entendido sobre los señalamientos de error ante nuestra consideración, y tras examinar la normativa aplicable junto a los documentos que obran en el expediente judicial, este Tribunal revoca la *Sentencia* apelada.

Tal cual esbozado en el derecho previamente expuesto, el propósito de evaluar la legitimación activa es que el tribunal se asegure de que la parte reclamante tiene un interés genuino, va a perseguir su causa vigorosamente y que todos los asuntos pertinentes serán presentados ante la consideración del juzgador. *Pérez Rodríguez v. López Rodríguez et al.*, supra, págs. 178-179. Así, la parte que solicita un remedio judicial debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución o de una ley. *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739.

Según surge, los apelantes presentaron una demanda mediante la cual alegaron que la estructura construida por los Villoldo Varona excedía la altura máxima permitida de treinta y seis (36) pies, en contravención con las servidumbres de equidad establecidas en la Escritura Núm. 130 del 19 de abril de 1974, lo que configuró un menoscabo a su derecho de luces y vistas. En consecuencia, alegaron tener derecho a exigir judicialmente la adecuación de la propiedad construida por los apelados, o en la alternativa, una compensación por los alegados daños. Posteriormente, mediante *Resolución* emitida el 7 de mayo de 2009, el Tribunal de Primera Instancia decretó la ilegalidad de la construcción en controversia por contravenir la servidumbre en equidad contenida en la Escritura Matriz.

A partir de dicha determinación, advenida final y firme, la legitimación activa de los apelantes quedó jurídicamente configurada. La *Resolución* del 7 de mayo de 2009 emitida por el Foro primario, reconoció la existencia de una actuación contraria a derecho y estableció el fundamento normativo que faculta a los apelantes a vindicar su reclamación ante los tribunales. Si bien la enajenación de la propiedad durante la pendencia del litigio impide a los apelantes reclamar la adecuación o demolición de la estructura declarada ilegal, tal circunstancia no anula la legitimación que ostentan para sostener el reclamo de los daños derivados de la infracción ya adjudicada. Ello, en atención al menoscabo alegado y al derecho sustantivo que ampara su causa. Así, el interés que los apelantes sostienen emana de un reconocimiento judicial previo que les confiere legitimación para vindicar su causa conforme a derecho, pues su reclamación surge de una controversia concreta y justiciable y no de una mera expectativa o conjetura abstracta.

Al examinar las circunstancias particulares de este caso, es innegable que la legitimación activa de los apelantes se sustenta en una causa de acción concreta y justiciable. La construcción declarada ilegal constituye la causa directa e inmediata de los alegados daños que se pretenden, y precisamente, la Resolución del 7 de mayo de 2009, provee el fundamento jurídico para vindicar su reclamo. La conexión entre la actuación de los apelados y el menoscabo reclamado responde, de manera precisa, a los criterios doctrinales de legitimación activa, pues se configura un vínculo real entre la causa de acción y el derecho invocado. En tales circunstancias, el prolongado curso procesal de esta controversia, que se ha extendido por más de dos (2) décadas, evidencia la persistencia de los apelantes en su gestión judicial y su interés genuino en obtener la reparación que en derecho proceda. A la luz de lo anterior, justipreciamos que la reclamación planteada se

enmarca plenamente dentro de las exigencias de la doctrina de legitimación activa, por lo que los apelantes conservan la capacidad procesal necesaria para continuar su causa ante el foro primario.

Por lo tanto, resulta forzoso concluir que el Tribunal de Primera Instancia incidió al desestimar la demanda por entender lo contrario, pues la posterior venta del inmueble no extinguió la capacidad procesal de los apelantes para vindicar su derecho. Enfatizamos que la determinación judicial que declaró la ilegalidad de la construcción es final, firme e inapelable, y su efecto vinculante no desaparece por el mero transcurso del tiempo ni por la enajenación del bien. Por el contrario, el reconocimiento judicial de la violación a la servidumbre en equidad confirió a los apelantes la capacidad jurídica necesaria para continuar su reclamo de daños conforme a derecho. En consecuencia, se revoca la Sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos correspondientes, dirigidos a la celebración de la vista evidenciaria para darle oportunidad que la parte apelante demuestre los daños reclamados.

A la luz de lo antes resuelto, resolvemos que la orden notificada el 27 de agosto de 2025, mediante la cual el Tribunal de Primera Instancia denegó la solicitud de costas y honorarios presentada por la parte apelada, debe ser igualmente revocada. Ello, por cuanto la determinación aquí adoptada —que deja sin efecto la *Sentencia* apelada— impide adjudicar, en esta etapa procesal, cuestiones incidentales relacionadas con costas o pagos de honorarios. Consecuentemente, al devolverse el caso al Tribunal de Primera Instancia para la continuación de los procedimientos y la determinación de la cuantía de los daños reclamados, cualquier determinación sobre costas y honorarios deberá quedar sujeta al resultado final del pleito.

IV

Por los fundamentos anteriormente esbozados, revocamos la *Sentencia* apelada en el recurso TA2025AP00275 y expedimos el auto de *certiorari* y revocamos la determinación recurrida en el recurso TA2025CE00644. Devolvemos el caso al foro primario para que continúen los procedimientos según lo aquí dispuesto.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones